UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES R. SMITH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MILLIGAN, et. al.,<br><br>　　　　　Defendants. | No.  2:17-cv-0582 KJM AC PS<br><br><br>ORDER |

　　　　Plaintiff is proceeding in this action pro se.  This matter was accordingly referred to the undersigned by E.D. Cal. R. ("Local Rule") 302(c)(21).  Plaintiff has also requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  ECF No. 2.  The request will be denied because plaintiff's IFP affidavit fails to establish that he cannot afford the filing fee.

I. INSUFFICIENT INFORMATION IN THE IFP APPLICATION

　　　　According to the application, plaintiff received money from "disability or workers compensation payments" during the past 12 months.  ECF No. 2 at 1 ¶ 3.  However, plaintiff fails to disclose "the amount received and what you expect you will receive."  See id. at 1-2.  Because of this omission, plaintiff's application fails to establish that he is entitled to prosecute this case without paying the required fees.

////

////

1

## II.  SCREENING STANDARDS

The IFP statute requires federal courts to dismiss a case if the action is legally "frivolous" or fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2).  Plaintiff must assist the court in determining whether the complaint is frivolous or not, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").  Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought.  ed. R. Civ. P. ("Rule") 8(a).  Plaintiff's claims must be set forth simply, concisely and directly.  Rule 8(d)(1).  The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor.  See Neitzke, 490 U.S. at 327; Erickson v. Pardus, 551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011); Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010).  However, the court need not accept as true, legal conclusions cast in the form of factual allegations, or allegations that contradict matters properly subject to judicial notice.  See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001).

## III.  THE COMPLAINT

The complaint alleges that on May 24, 2016, plaintiff experienced a seizure when he was "at [his] gate pushing [his] number."  ECF No. 1 at 5 ¶ III.  It seems that when plaintiff's manager

1 called the ambulance, the police also arrived. Id. Plaintiff was asked by "the police" "to put [his]
2 hand behind [his] back" because he was under arrest. Id. When plaintiff asked "him" "why what
3 did I do wrong," plaintiff was "teased"[1] and taken to jail. Id. As "relief," plaintiff asks for
4 $100,000. Id. at 6 ¶ IV.

The complaint does not contain a "short and plain statement" setting forth the basis for plaintiff's claim (that is, who did what to plaintiff) as required by Fed. R. Civ. P. 8(a)(2). Although the complaint suggests that plaintiff may be attempting to assert a claim under 42 U.S.C. § 1983 for use of excessive force and unlawful arrest in violation of the Fourth Amendment to the U.S Constitution, the court cannot decipher which defendant inflicted the alleged harm on the plaintiff. Accordingly, the complaint must be dismissed for failure to state a claim.

## IV.   AMENDING THE COMPLAINT

Plaintiff will be provided an opportunity to amend his complaint. The court will therefore provide guidance for amendment.

The amended complaint must contain a short and plain statement of plaintiff's claims. That is, it must state what the defendant did that harmed the plaintiff. The amended complaint must not force the court and the defendants to guess at what is being alleged against whom. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants").

In setting forth the facts, plaintiff must not go overboard, however. He must avoid excessive repetition of the same allegations. He must avoid narrative and storytelling. That is, the complaint should not include every detail of what happened, nor recount the details of conversations (unless necessary to establish the claim), nor give a running account of plaintiff's hopes and thoughts. Rather, the amended complaint should contain only those facts needed to show how the defendant legally wronged the plaintiff.

---

[1] The court is unsure whether plaintiff means to allege that he was verbally taunted or that a Taser was used to subdue him.

3

Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. See Pacific Bell Telephone Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## V. CONCLUSION

For the reasons explained above, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is DENIED without prejudice to its renewal in proper form, as explained above.

2. The complaint (ECF No. 1), is DISMISSED with leave to amend.

3. Plaintiff must file his renewed IFP application and amended complaint within 30 days of the date of this order. If plaintiff files an amended complaint, he must comply with the instructions given above. If plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.

DATED: July 20, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE