UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES R. SMITH,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MILLIGAN, et al.,<br><br>　　　　Defendants. | No. 2:17-cv-0582 KJM AC PS<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this action pro se and in forma pauperis. This proceeding was referred to the undersigned by E.D. Cal. R. ("Local Rule") 302(c)(21). Plaintiff's original and first amended complaints were previously dismissed for failure to state a claim, and plaintiff was provided opportunities to amend. Plaintiff has now filed a Second Amended Complaint. ECF No. 7.

I. SCREENING

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether or not the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain

1

statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See

Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

## II. SECOND AMENDED COMPLAINT

The Second Amended Complaint ("complaint") identifies "Milligan" as the only defendant in this lawsuit.[1] In his one-page complaint, plaintiff alleges a violation of his Fourth Amendment rights and seeks damages in the amount of $10,000,000. The complaint reads, in its entirety, as follows:

> On May 24, 2016 I was teased by officer Milligan for nothing and taking to jail. I was about five feet from him no need to teased me if it was at night he would've shot me he violated my Fourth Amendment to the U.S. Constitution[…] I felt very very violated I went to jail had to spre[a]d my butt cheeks like wow for another man to look inside of butt.

ECF No. 7.

## III. ANALYSIS

It appears that plaintiff is attempting to assert a claim under 42 U.S.C. § 1983 for unlawful arrest or use of excessive force in violation of the Fourth Amendment to the U.S Constitution. "To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted). Despite two prior opportunities to amend his complaint, plaintiff has presented no factual allegations from which the court could find that Officer Milligan violated his Fourth Amendment rights. The Second Amended Complaint contains no facts describing the circumstances of an arrest or describing a custodial use of force. It therefore does not state a claim for unlawful arrest or excessive use of force. Neither a routine strip search nor "teasing" constitutes a violation of plaintiff's constitutional rights. See Bell v. Wolfish, 441 U.S. 520, 558-560 (1979) (rejecting Fourth Amendment challenge to visual cavity searches of pretrial detainees); Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (verbal harassment or abuse is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983).

---

[1] In the original and first amended complaint, plaintiff named "Milligan" and "Adler" as defendants.

When the court finds that a complaint should be dismissed for failure to state a claim, it has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126–30 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Id. at 1130–31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir.1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (citing Noll, 809 F.2d 1446, 1448). However, if it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1005–06.

Plaintiff's complaint has been twice dismissed with leave to amend and instructions for so doing. However, the Second Amended Complaint is no closer to stating a claim than were its predecessors. This history demonstrates that either (1) there exist no facts which would state a claim, or (2) plaintiff is unable to follow the directions of the court and present a non-frivolous complaint. Either way, further amendment would be futile. Accordingly, dismissal should be with prejudice.

## IV. CONCLUSION

Accordingly, the undersigned recommends that the second amended complaint (ECF No. 7) be DISMISSED with prejudice because it fails to state a claim upon which relief can be granted and further amendment would be futile.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v.

////

////

////

4

Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

**DATED**: January 25, 2018

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE